STATE OF MAINE

KENNEBEC, ss.

STATE OF MAINE

     v.

WILLIAM BLACK,

        Defendant

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-09-22

JMJ - KEN - 7/6/2009

**DECISION**

Before the court is the defendant's motion to strike prior convictions.

Facts

The defendant was indicted on an Operating Under Influence charge (class C) based on three or more alleged prior OUI offenses. The State alleges four prior OUI offenses. However, the defendant is challenging one conviction on July 28, 1999 (WATDC-CR-99-2137) and another conviction on April 25, 2001 (WATDC-CR-01-170).

The defendant pled guilty to both above offenses. The defendant asserts that he was not represented by counsel during these convictions and did not knowingly or intelligently waive his right to counsel.

Discussion

It is well established that the defendant has a right to counsel at all critical stages of the criminal process. A waiver of that right must be voluntary, knowing, and intelligent. Absent a waiver, the

> "the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence. The judgment of conviction pronounced by a court without jurisdiction is void."

*Johnson v. Zerbst,* 304 U.S. 458, 468 (1938).

The *Johnson* court articulated a strong presumption against the waiver of the fundamental constitutional right of right to counsel. The Maine case of *State v. Oulette,*

901 A.2d 800 (Me. 2006) asserts that the court cannot assume the regularity of the arraignment process or that the defendant had been advised of his right to be represented by counsel. *See also State v. Watson*, 900 A.2d 702 (Me. 2006).

In this case, it is not clear whether the defendant was represented by counsel on a conviction occurring in 2001 in Waterville District Court. The State has presented evidence indicating that the defendant was represented by M. Dolly, acting as attorney for the day. The court records for that conviction does not indicate that the defendant was represented by anyone, not even the attorney for the day. Even if M. Dolly was involved as the attorney for the day, the *State v. Oulette* case makes it clear that this is not enough. In *Oulette*, the defendant met with the attorney for the day and the court stated:

> "We cannot presume, as we did in *Gordon*, that the attorney fulfill the duty of notifying Oulette about her constitutional rights, including her right to a jury trial."

*Oulette*, at 809.

Since there is no transcript of the proceeding relative to the 2001 conviction and since there is no evidence other than some evidence that the defendant was represented by the lawyer for the day, the court finds that the defendant has proved that the evidence does not establish that the defendant competently and intelligently waived his constitutional right to assistance of counsel.

With regard to the 1999 conviction, the docket sheet indicates that the defendant was not represented at all. Furthermore, there was an indication on the docket sheet (State's Ex. 2), that the defendant waived his right to counsel. This entry was made by the trial judge. This finding by the trial judge at the arraignment is evidence of the fact that the defendant waived his right to counsel. In the *Johnson* case, the court states the following:

"The constitutional rights of an accused to be represented by counsel invokes, of itself, the protection of the trial court, in which the accused, whose life and liberty is at stake – is without counsel. This protecting duty imposes a serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. Or an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."

*Johnson,* at 465.

Although the court makes a finding in this matter that the defendant waived his right to counsel, the court's factual basis for the conclusion is not on the record.

Based on the above, the court hereby grants the defendant's motion to strike the two prior convictions. It is hereby ORDERED that the two OUI convictions, the conviction of July 28, 1999, and the conviction of April 25, 2001, shall be stricken from the indictment.

Dated: 7-6-09

Joseph M. Jabar
Justice, Superior Court

Attorney for the State

Paul Rucha, ADA
Kennebec County Courthouse
Augusta, ME 04330

Attorney for Defendant

Sherry Tash
PO Box 192
Whitefield, ME 04353

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2009-00022

**DOCKET RECORD**

DOB: 06/07/1956
Attorney: SHERRY TASH
        HAINKE & TASH
        PO BOX 192
        WHITEFIELD ME 04353
        APPOINTED 01/14/2009

State's Attorney: EVERT FOWLE

## Charge(s)

1    OPERATE AFTER HABITUAL OFFENDER REVOCATION 12/17/2008 AUGUSTA
     3 PRIOR
Seq 11244 29-A   2557-A(2)(D)          Class C
   FRYE                    / AUG

## Docket Events:

01/14/2009 Charge(s): 1
        TRANSFER -   PERMANENT TRANSFER EDI ON 01/14/2009 @ 18:00

        TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR200802851
        FILING DOCUMENT -   CASH BAIL BOND FILED ON 12/17/2008

01/14/2009 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 12/18/2008

        BAIL BOND -   CASH BAIL BOND DISBURSEMENT ON 01/13/2009

        Charge(s): 1
        HEARING -   INITIAL APPEARANCE SCHEDULED FOR 01/14/2009 @ 8:30 in Room No.   1

        NOTICE TO PARTIES/COUNSEL
        Charge(s): 1
        HEARING -   INITIAL APPEARANCE NOT HELD ON 01/14/2009

        MOTION -   MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/14/2009

        Charge(s): 1
        FINDING -   PERMANENT TRANSFER TRANSFERRED ON 01/14/2009

        AUGSC
01/22/2009 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 01/22/2009

        Bail Receipt Type: CR
        Bail Amt:  $500
                                Receipt Type: CK
        Date Bailed: 01/14/2009     Prvdr Name: PATRICIA   GEARY
                                Rtrn Name: PATRICIA   GEARY

01/22/2009 MOTION -   MOTION FOR APPOINTMENT OF CNSL GRANTED ON 01/14/2009
        ROBERT E MULLEN , JUDGE

          COPY TO PARTIES/COUNSEL
01/22/2009 Party(s): WILLIAM BLACK
          ATTORNEY - APPOINTED ORDERED ON 01/14/2009


          Attorney: SHERRY TASH
01/22/2009 Charge(s): 1
          HEARING - STATUS CONFERENCE SCHEDULED FOR 03/10/2009 @ 10:00


01/22/2009 Charge(s): 1
          HEARING - STATUS CONFERENCE NOTICE SENT ON 01/22/2009


02/20/2009 ORDER - TRANSCRIPT ORDER FILED ON 02/20/2009


          REQUEST FOR TRANSCRIPT OF 7/28/99 PROVISION OF RIGHTS BY THE COURT FOR PLEA AND
          SENTENCING; 4/25/01 PROVISION OF RIGHTS BY THE COUT AND PLEA AND SENTENCING.
                                                      2/24/09 COPY SENT TO ER
03/10/2009 Charge(s): 1
          HEARING - STATUS CONFERENCE HELD ON 03/10/2009
          JOSEPH M JABAR , JUSTICE
          Reporter: JANETTE COOK
          Defendant Present in Court
03/10/2009 Charge(s): 1
          HEARING - STATUS CONFERENCE SCHEDULED FOR 04/14/2009 @ 10:00


03/10/2009 Charge(s): 1
          HEARING - STATUS CONFERENCE NOTICE SENT ON 03/10/2009


03/10/2009 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 03/09/2009


03/27/2009 Charge(s): 1
          HEARING - STATUS CONFERENCE NOT HELD ON 03/27/2009


03/27/2009 Charge(s): 1
          HEARING - ARRAIGNMENT SCHEDULED FOR 04/14/2009 @ 10:00


03/27/2009 Charge(s): 1
          HEARING - ARRAIGNMENT NOTICE SENT ON 03/27/2009


03/27/2009 Charge(s): 1
          SUPPLEMENTAL FILING - INDICTMENT FILED ON 03/27/2009


04/16/2009 Charge(s): 1
          HEARING - ARRAIGNMENT HELD ON 04/14/2009
          NANCY MILLS , JUSTICE
          Reporter: TAMMY DROUIN
          READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
          DEFENDANT. 21 DAYS TO FILE MOTIONS
04/16/2009 Charge(s): 1
          PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 04/14/2009


04/21/2009 MOTION - OTHER MOTION FILED BY DEFENDANT ON 04/21/2009


          MOTION TO STRIKE PRIOR CONVICTIONS

04/21/2009 HEARING - OTHER MOTION SCHEDULED FOR 06/10/2009 @ 8:30

        MOTION TO STRIKE PRIOR CONVICTIONS
06/11/2009 HEARING - OTHER MOTION HELD ON 06/10/2009
        JOSEPH M JABAR , JUSTICE
        Attorney: SHERRY TASH
        DA: JAMES MITCHELL      Reporter: TAMMY DROUIN
        Defendant Present in Court


        MOTION TO STRIKE PRIOR CONVICTIONS
06/11/2009 MOTION - OTHER MOTION UNDER ADVISEMENT ON 06/10/2009
        JOSEPH M JABAR , JUSTICE
        MOTION TO STRIKE PRIOR CONVICTIONS
07/06/2009 MOTION - OTHER MOTION GRANTED ON 07/02/2009
        JOSEPH M JABAR , JUSTICE
        MOTION TO STRIKE PRIOR CONVICTIONS
07/06/2009 Charge(s): 1
        TRIAL - DOCKET CALL SCHEDULED FOR 09/01/2009


A TRUE COPY
ATTEST: _____
                   Clerk